**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**DONNA BRANDENBURG**, Case No.

Plaintiff, Hon.

vs.

**MICHIGAN BOARD OF STATE CANVASSERS**;

**JOCELYN BENSON**, in her official capacity as Secretary of State; and

**JONATHAN BRATER**, in his official capacity as Director of the Michigan Bureau of Elections,

Defendants.

---

LAW OFFICE OF DANIEL J. HARTMAN
Daniel J. Hartman (P52632)
Attorney for Plaintiff
PO Box 307
Petoskey, MI 4977-
(231) 348-5100
danjh1234@yahoo.com

---

**EXPEDITED CONSIDERATION REQUESTED**

**PLAINTIFF'S *EX-PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION; REQUEST FOR CONSOLIDATED HEARING ON AN EXPEDITED BASIS; AFFIDAVIT; AND CERTIFICATION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff DONNA BRANDENBURG moves for a temporary restraining order and/or preliminary injunction against Defendants

Michigan Board of State Canvassers, Jocelyn Benson, and Jonathan Brater (collectively, "Defendants"), ordering:

1. That a previous action has been filed in the Michigan Supreme Court in #164462 which was summarily rejected by an Order dated June 7, 2022, which considered and denied the relief for mandamus because the Court is not persuaded it should grant the relief sought. No analysis was provided in the order although issues were discussed in a concurring opinion and two dissenting opinions.
2. That the printing or use of August 2, 2022 Michigan Republican Primary Ballots be enjoined until the resolution of this case or controversy, or in the alternative that the Primary Ballots add the candidate Donna Brandenburg be added to the Republican Primary Candidates for Governor;
3. That all Defendants be restrained from denying access to any Nominating Petitions submitted by any candidate that was reported to have been circulated by a fraudulent circulator
4. That all Defendants be restrained from declaring that the signatures submitted are fraudulent when the statutory process for making such a finding was not followed.

5. That all Defendants be restrained from destroying or disposing of certain records related to the case or controversy:
    a. Nominating Petitions of any and all 2022 Michigan Gubernatorial Candidate;
    b. Any records of signatures that were used for comparison from the QVF by the Bureau of Elections related to candidate Donna Brandenburg
    c. All notes and records relating to the execution or creation of the process used for evaluation of Nominating Petitions in the 2022 Michigan Gubernatorial Election employed by the Defendants. This specifically includes electronic and written material including correspondence related to the process or evaluation.
    d. All correspondence related to any 2022 candidate in which there was a nominating Petition Circulator that was deemed to have been fraudulent. This includes any referrals for investigation or law enforcement as well as press releases, reports or other documents whether written or electronic.
6. That the Michigan Secretary of State, the Bureau of Elections and the Board of State Canvassers be enjoined from applying the procedure

they adopted and used as explained in the *Staff Report* through administrative rule making which are unconstitutional on its face including:

a. Adopting a procedural process and preempting the legislature
b. Adopting a procedure that involved determinations preempting the judicial branch
c. Adopting rules without complying with the Michigan administrative Procedures Act which requires notice and public comment.

7. There are statutes which are unconstitutional as applied to Donna Brandenburg including:
   a. MCL 168.544c(10) by not making the challenge available to Donna Brandenburg on a daily basis as it arose and waiting until the public disclosure on May 23, 2022 and by not providing a record of the signatures compared to date
   b. MCL 168.544c (11) and/or (13) by not requiring a sworn complaint in writing, by not conducting a hearing pursuant to MCL 168.552 and by not making a determination of a violation of MCL 168.544c(8) or (10) before disqualifying obviously fraudulent signature and by omitting a comparison to the QVF

c. MCL 168.552(8)-(11) by lacking statutory authority without a sworn complaint made in writing, and by not having the local jurisdiction clerk recheck the signature before rejecting the signature; and most egregiously when a determination was made without a board majority to overcome a presumption of signature validity.

d. MCL 168.552(13) by not following the procedure of causing the signatures to be checked by comparison to signatures in the QVF.

e. MCL 168.552 (14) by not including Donna Brandenburg on the ballot as a candidate in the Michigan Republican Primary.

**8.** Plaintiff Donna Brandenburg submits the PLAINTIFF'S BRIEF IN SUPPORT OF THE PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.

**9.** Plaintiff Donna Brandenburg submits her affidavit attached as Exhibit B: Affidavit of Donna Brandenburg pursuant to Fed. R. Civ. P. 65(b)(1)(A).

**10.** Attached by separate Certification is compliance with LCivR 7.1 (d) and Fed. R. Civ. P. 65(b)(1)(b)

**11.** Expediatedd relief is requested to prevent or limit the expense of printing and distributing ballots that do not contain the proper candidates.

WHEREFORE, the Plaintiff DONNA BRANDENBURG requests this Honorable Court enter a Temporary Restraining order and/or Injunctive Relief and an order for a consolidated hearing on the merits of the verified complaint and the injunction as soon as possible.

Respectfully Submitted,

Dated: 6/21/2022

/s/ Daniel J. Hartman (P52632)
PO Box 307
Petoskey, MI 49770
(231) 348-5100
Danjh1234@yahoo.com