**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DISTRICT**

**DONNA BRANDENBURG**, Case No.

Plaintiff, Hon.

vs.

**MICHIGAN BOARD OF STATE CANVASSERS;**

**JOCELYN BENSON**, in her official capacity as Secretary of State; and

**JONATHAN BRATER**, in his official capacity as Director of the Michigan Bureau of Elections,

Defendants.

---

LAW OFFICE OF DANIEL J. HARTMAN
Daniel J. Hartman (P52632)
Attorney for Plaintiff
PO Box 307
Petoskey, MI 4977-
(231) 348-5100
danjh1234@yahoo.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION; CERTIFICATION**

Dated: 6/21/2022

/s/ Daniel J. Hartman (P52632)
Law Office of Daniel J. Hartman
PO Box 307
Petoskey, MI 49770
(231) 348-5100
Danjh1234@yahoo.com

## Table of Contents

**STATEMENT OF QUESTIONS PRESENTED** ..... 3

**ARGUMENT** ..... 4

A Temporary Restraining Order is Appropriate without Notice Pursuant to Fed. R. Civ. P. 65(b)(1) ..... 4

An Injunctive is Appropriate Pursuant to Fed. R. Civ. P. 65(a)(2) in a consolidated trial on the merits that is expediated and the Court should schedule a full hearing immediately ..... 5

**CONCLUSION** ..... **Error! Bookmark not defined.**

Appendix 1: Fed. R. Civ. P. 65(a) ..... 6

## STATEMENT OF QUESTIONS PRESENTED

I. Whether the Plaintiff is entitled to a Temporary Restraining Order without Notice pursuant to Fed. R. Civ. P. 65 ?

Plaintiff Answers: YES

Defendants would: NO

II. Whether Plaintiff is entitled to an Injunction pursuant to Fed. R. Civ. 65 in a expediated hearing that is consolidated with a trial on the merits of the Verified Complaint?

Plaintiff Answers: YES

Defendants would: NO

## ARGUMENT

### A Temporary Restraining Order is Appropriate without Notice Pursuant to Fed. R. Civ. P. 65(b)(1)

The plaintiff in her affidavit attached as Exhibit A and in her verified complaint that demonstrate specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition in the event that the Court does not enter the relief sought. The specific facts include the Michigan Primary Ballots will be printed and distributed to all election clerks without her name essentially denying her the right to appear on the 2022 Michigan Republican Primary Ballot. In addition, the denial of access to the records of other candidates by the Defendants has impaired her ability to investigate the claims made that were used to deny her from being on the ballot and to compare the application of the process to other candidates to ensure due process and equal application. Finally, the destruction of any material that will help to understand the process by the Bureau of Elections staff in evaluating the Nominating Petitions will materially impair the transparency and evaluation of the process conducted.

Plaintiff's attorney has provided the certification in the PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.

The Plaintiff will give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained pursuant to Fed. R. Civ. P. 65(c).

**An Injunction is Appropriate Pursuant to Fed. R. Civ. P. 65(a)(2) in a consolidated trial on the merits that is expediated and the Court should schedule a full hearing immediately**

Fed. R. Civ. P. 65(a)(2) (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court ***may*** advance the trial on the merits and consolidate it with the hearing. [emphasis added].

This expressly provides for a consolidated hearing at the Court's discretion and the court should schedule a hearing on both matters immediately. The issues that are raised are significant and very important not only to the rights of the candidate but to the voters of Michigan.

## CONCLUSION

Plaintiff is entitled to a temporary restraining order and the Court should enter the relief requested and set the matter for a consolidated hearing on the merits of the verified complaint and issue injunctive relief. The hearing should be expedited.

**Appendix 1: Fed. R. Civ. P. 65(a)**

(a) Preliminary Injunction.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the

party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) Other Laws Not Modified. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. §2284, which relates to actions that must be heard and decided by a three-judge district court.

(f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

**Certificate of Compliance with LCivR 7.3(b)(2)**

Microsoft word (online version current) as of the date of filing determines the word count of this document including the certification to be 1361 words.

Dated: 6/21/2022

/s/ Daniel J. Hartman (P52632)
Attorney for Plaintiff