# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 7, 2022

164462 & (7)

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

DONNA BRANDENBURG,
Plaintiff,

v SC: 164462

BOARD OF STATE CANVASSERS,
SECRETARY OF STATE, and BUREAU OF
ELECTIONS DIRECTOR,
Defendants.

_________________________________________/

On order of the Court, the motion to file a supplemental brief is GRANTED. The complaint for mandamus is considered, and relief is DENIED, because the Court is not persuaded that it should grant the requested relief.

CLEMENT, J. (*concurring*).

I concur with the Court's order denying plaintiff's complaint. The Michigan Election Law, MCL 168.1 *et seq*., provides that "[a] person who filed a nominating petition with the secretary of state and who feels aggrieved by a determination made by the board of state canvassers may have the determination reviewed by mandamus, certiorari, or other appropriate process in the supreme court," MCL 168.552(12). That describes this exact situation, suggesting that this Court is an appropriate forum in which plaintiff can file.

As the dissent notes, two decades ago we held in two peremptory orders that MCR 3.305(A) and MCR 7.203(C)(5) controlled over this statutory provision. See *Callahan v Bd of State Canvassers*, 646 NW2d 470 (Mich, 2002); *Schwarzberg v Bd of State Canvassers*, 649 NW2d 73 (Mich, 2002). However, I believe there is substantial reason to question whether those orders were rightly decided. If MCL 168.552(12) were simply read as a provision conferring jurisdiction on this Court, it would confer a jurisdiction we already possess. See Const 1963, art 6, § 4 (giving us "power to issue, hear and determine prerogative and remedial writs," such as mandamus and certiorari). This would make the provision nugatory. The alternatives under MCR 3.305(A) and MCR 7.203(C)(5) are to file in either the Court of Appeals or the Court of Claims, and if their

jurisdiction is purely a function of statute—see *People v Milton*, 393 Mich 234, 245 (1974) ("[T]he jurisdiction of the Court of Appeals is entirely statutory."); *Manion v State Hwy Comm'r*, 303 Mich 1, 20 (1942) ("The 'court of claims' . . . derives its powers only from the act of the legislature and subject to the limitations therein imposed.")—then MCL 168.552(12) could easily be read as depriving them of jurisdiction and leaving this Court as the exclusive forum for litigating such issues. I would not relish such a rule, because "[r]easons of policy dictate that such complaints be directed to the first tribunal within the structure of Michigan's one court of justice having competence to hear and act upon them," *People v Flint Muni Judge*, 383 Mich 429, 432 (1970), and such a rule would deviate from those "reasons of policy," but that is not plaintiff's fault. While orders of this Court certainly establish precedent binding on both this Court and the lower courts if they "contain[] a concise statement of the applicable facts and the reason for the decision," *People v Crall*, 444 Mich 463, 464 n 8 (1993), "[a] short per curiam opinion that summarily [resolves a case] is entitled to less precedential weight than a signed opinion," Garner et al, *The Law of Judicial Precedent* (St. Paul: Thomson/West, 2016), p 214. I do not believe my commitment to stare decisis is called into question today when this Court's order does not even overrule *Callahan* and *Schwarzberg*, but merely denies plaintiff's complaint without substantive explanation.

Moreover, regardless of whether *Callahan* and *Schwarzberg* were rightly or wrongly decided, *this Court* has been the author of a nontrivial amount of confusion on this topic in recent years. Similarly to disputes over nominating signatures, the Michigan Election Law also uses almost identical language to direct disputes over initiative and referendum petitions to this Court. See MCL 168.479. Yet in recent years, we have entertained original actions relating to initiative and referendum petitions without holding plaintiffs to compliance with MCR 3.305(A), MCR 7.203(C)(5), *Callahan*, or *Schwarzberg*. *Comm to Ban Fracking in Mich v Bd of State Canvassers*, 505 Mich 1137 (2020); *Unlock Mich v Bd of State Canvassers*, 506 Mich 947 (2020); *Unlock Mich v Bd of State Canvassers*, 507 Mich 1015 (2021); *Fair & Equal Mich v Bd of State Canvassers*, 508 Mich 967 (2021). Indeed, had this Court cited the dissent's theory in *Comm to Ban Fracking*, it is highly unlikely that the Court of Appeals would have held in subsequent litigation that this Court is the exclusive venue for disputes over initiative and referendum petitions—a conclusion in substantial tension with *Callahan* and *Schwarzberg*. See *Comm to Ban Fracking in Mich v Bd of State Canvassers*, 335 Mich App 384, 395-398 (2021).[1] I do not support faulting plaintiff for failure to comply with

---

[1] As the dissent notes, while MCL 168.479(1) parallels MCL 168.552(12) almost verbatim—both providing, in superficially permissive terms, that individuals aggrieved by different actions of the Board of State Canvassers "may have the determination reviewed . . . in the supreme court"—MCL 168.479(2) provides that a party aggrieved by a decision of the board relating to an initiative or referendum "must file . . . in the supreme court" in various time frames, which makes the intended exclusivity of this Court's jurisdiction particularly inescapable. However, I do not think MCL 168.479(2) is

tangled authority that may well have provoked legitimate confusion. At the time she filed, plaintiff of course did not have the benefit of the Court of Appeals' recent decision in *Johnson v Bd of State Canvassers*, ___ Mich App ___, ___ (2022) (Docket No. 361564), in which the Court of Appeals did accept jurisdiction over a dispute apparently covered by MCL 168.552(12), and in any event the question of how to juxtapose *Johnson* against *Comm to Ban Fracking* and our orders in *Callahan* and *Schwarzberg* has apparently not yet been litigated.[2]

I am not persuaded that the Court should grant plaintiff the relief she has requested. But in light of my qualms over whether *Callahan* and *Schwarzberg* were rightly decided and this Court's complicity in causing confusion over whether we will entertain original actions under statutes like MCL 168.552(12) or MCL 168.479, I do not believe it appropriate to fault her on procedural grounds for noncompliance with MCR 3.305(A), MCR 7.203(C)(5), *Callahan*, or *Schwarzberg*. Therefore, I concur with the Court's order.

---

necessary to construe MCL 168.479(1) as intending to confer exclusive jurisdiction on this Court, and I therefore do not believe MCL 168.552(12) needs a similar companion to be read as conferring exclusive jurisdiction on this Court. If MCL 168.479(2) is necessary to make jurisdiction in this Court exclusive, then—as noted—MCL 168.552(12) is nugatory, as it would purport to confer jurisdiction on this Court that it already possesses (and much the same could be said of MCL 168.479(1)). While the Court of Appeals in *Comm to Ban Fracking* certainly construed MCL 168.479(1) in light of the presence of MCL 168.479(2), I do not read its analysis as depending on MCL 168.479(2) (the Court certainly did not hold that MCL 168.479(2) was necessary to distinguish the case from *Callahan* and *Schwarzberg*). Rather, the Court construed MCL 168.479 as it found it. Moreover, regardless of what MCL 168.479(2) says, the court rule this Court cited in *Callahan* and *Schwarzberg* provides that the Court of Appeals "may entertain an action for . . . any original action *required by law* to be filed in the Court of Appeals *or Supreme Court*." MCR 7.203(C)(5) (emphasis added). That is to say, the court rules purport to require that even if a statute *requires* a case to be originally filed in this Court, it is *still* to be filed in the Court of Appeals—a principle that is equally applicable (or not) to proceedings under MCL 168.552(12) and MCL 168.479. I do not believe MCL 168.479(2) is different enough to approach cases involving initiative or referendum in some other manner than disputes about candidate signatures under MCL 168.552(12).

[2] It also is apparently unresolved whether it is constitutional for the Legislature to indirectly confer exclusive original jurisdiction on this Court via this sort of jurisdiction-stripping of the lower courts. The parties in *Comm to Ban Fracking* apparently made no such argument.

VIVIANO, J. (*dissenting*).

By denying plaintiff relief today without providing any specific legal grounds for doing so rather than dismissing the case based on controlling caselaw, the majority chooses to flatly ignore our Court's precedent. Plaintiff filed her complaint for mandamus under MCL 168.552(12) in this Court rather than the lower courts. In *Schwarzberg v Bd of State Canvassers*, 649 NW2d 73 (Mich, 2002), we stated that "[d]espite the language of MCL 168.552(12), a mandamus action against the Board of State Canvassers is properly filed in the Court of Appeals or the circuit court. MCR 7.203(C)(5), MCR 3.305(A)."[3] We reached the same result in *Callahan v Bd of State Canvassers*, 646 NW2d 470 (Mich, 2002).[4] This precedent is binding and on point, and plaintiff has not even mentioned these cases, much less asked us to overrule them. A straightforward application of *Schwarzberg* and *Callahan* requires us to dismiss plaintiff's complaint. I would do so and remain faithful to our precedent, rather than simply denying relief without any explanation of why it is not being applied.

From the parties' standpoint, the technical distinction between dismissal and denial of leave may make little difference because it does not change the outcome. But

[3] MCR 3.305(A) was amended in 2018 to reflect that an action for mandamus against a state officer may be brought in the Court of Appeals or the Court of Claims, instead of the circuit court. 501 Mich ccxvii, ccxxi (2018).

[4] The Court of Appeals recently reached a different conclusion in a case involving a different statute with language that is materially distinct, MCL 168.479. See *Committee to Ban Fracking in Mich v Bd of State Canvassers*, 335 Mich App 384 (2021). There is some similar language in the statutes. Compare MCL 168.552(12) ("A person who filed a nominating petition with the secretary of state and who feels aggrieved by a determination made by the board of state canvassers may have the determination reviewed by mandamus, certiorari, or other appropriate process in the supreme court.") with MCL 168.479(1) ("Notwithstanding any other law to the contrary and subject to subsection (2), any person who feels aggrieved by any determination made by the board of state canvassers may have the determination reviewed by mandamus or other appropriate remedy in the supreme court."). But MCL 168.479(2) also states in relevant part, "If a person feels aggrieved by any determination made by the board of state canvassers regarding the sufficiency or insufficiency of an initiative petition, the person *must file* a legal challenge to the board's determination in the supreme court within 7 business days . . . ." (Emphasis added.) The Court of Appeals relied on this second subsection in concluding that MCL 168.479 required a plaintiff to file a complaint for mandamus in our Court. Even assuming that MCL 168.479 is not distinguishable from MCL 168.552(12), *Committee to Ban Fracking* could not overrule our precedent with regard to the latter statute.

the distinction is of considerable moment to the institutional integrity of our Court. A court that shows so little respect for its own precedent can hardly expect it to be respected by others. Binding precedent that is on point can be overruled in certain, limited circumstances. But, short of that, it must be followed. The majority's decision to simply ignore our precedent is stunning.[5] I therefore dissent.

BERNSTEIN, J., would order oral argument.

[5] Justice CLEMENT's concurrence acknowledges that the orders are binding but suggests that they are entitled to "less" precedential weight. Whether they have *more* or *less* weight, they have to at least have *some*. But not applying them in like circumstances does not give them *any*. If they do not apply here, then the orders do not apply anywhere.

Similarly unavailing is the concurrence's resort to the supposed confusion caused by a lower court opinion, *Committee to Ban Fracking*, concerning a different statute, along with a handful of denial orders from this Court in cases involving that same statute. None of those authorities could be read to legitimately call *Schwarzberg*'s and *Callahan*'s binding nature into doubt. And even if they could, I know of no "confusion" exception to procedural rules that would allow us not to apply our precedents that are clearly on point.

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 7, 2022

Clerk

a0607